IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:17-cr-00083

MISTY DAWN BAISDEN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Misty Baisden's ("Defendant") Motion for Revocation of Magistrate Judge Tinsley's Order of Detention and for Reconsideration of Bond. (ECF No. 234.) For the reasons that follow, the motion is **DENIED**.

### I.    BACKGROUND

On February 13, 2018, Defendant was sentenced to 72 months' imprisonment, to be followed by 20 years of supervised release, for conspiracy to engage in sex trafficking of a minor. (ECF No. 127.) Defendant completed her custody sentence and began her term of supervised release on July 8, 2022. (ECF No. 220 at 1.) On November 14, 2025, the Probation Office filed a Petition seeking the revocation of Defendant's term of supervised release. (*Id.*)

The Petition identifies four alleged violations of Defendant's conditions of supervision. First, the Petition charged that a criminal complaint had been filed against Defendant in Kanawha County Magistrate Court for one felony count of failing to register as a sex offender in violation

1

of West Virginia State Code § 15-12-8(c).  (*Id*.)  This charge is premised on Defendant's alleged failure to update her employment status by not reporting that she had taken a second job at a KFC restaurant.  (*Id*.)  Second, similarly, the Petition asserts that Defendant's failure to report her new employment status constituted a violation of her supervised release condition to comply with the terms of the federal sex registration act under 42 U.S.C. § 16901, et seq.  (*Id*. at 2.)  Third, the Petition alleges that Defendant failed to timely inform her probation officer on her change in residence when she moved from one room to another at the motel where she had been living.  (*Id*. at 2.)  Lastly, the Petition maintains that Defendant failed to timely report the second job that she had taken with KFC to her probation officer.  (*Id*. at 3.)

Consequently, on December 3, 2025, Defendant was arrested on the Petition and detained at her initial appearance before Magistrate Judge Tinsley.  On December 10, 2025, a preliminary hearing was held before Magistrate Judge Tinsley.  At the conclusion of the hearing, Magistrate Judge Tinsley, relying on testimony from Defendant's supervising probation officer and the arguments of counsel, determined that probable cause existed to find Defendant in violation of her supervised release.  (ECF No. 236 at 45.)  Magistrate Judge Tinsley further found that Defendant had not established by clear and convincing evidence that she was not a flight risk nor posed a danger to the community and directed that she remain in custody pending her final revocation hearing on January 22, 2026, at 2:00 p.m.  (*Id*. at 52.)

## II.   STANDARD OF REVIEW

Rule 32.1(a)(6) governs release or detention pending supervised release revocation proceedings and provides that, "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the

2

person." Fed. R. Crim. P. 32.1(a)(6). A person ordered to be detained by a United States Magistrate Judge may file a motion to revoke the detention order before the District Court. 18 U.S.C. § 3145(b). When a district court acts on a motion to revoke a magistrate judge's order of detention under 18 U.S.C. § 3143(a)(1), the district court acts *de novo* and must make an independent determination of the detention or conditions of release. *United States v. Stewart*, 19 F. App'x 46 (4th Cir. 2001).

### III. DISCUSSION

The Court has carefully conducted a *de novo* review of the evidence presented before the magistrate judge and the entire record in this matter, including the transcript of the detention hearing. Based on its review, the Court rejects Defendant's characterization of the alleged violations as trivial and inconsequential to the safety of the public. Defendant's conviction is for disturbing conduct, and that alone makes her a threat to the community. Further, the probation office recommends special conditions for sex offenders based on the heightened risk such offenders present, and the statutory obligations mandated by state and federal law. Those laws and conditions require, among other things, timely and accurate reporting of information relating to a sex offender's specific whereabouts, including their residence and employment. *See* 42 U.S.C. § 16901, *et seq.*; W. VA. CODE § 15-12-8(c) (2025). Compliance with these disclosure requirements is necessary for the sake of public safety and is not discretionary. The record indicates that Defendant repeatedly withheld or failed to timely provide such information. Accordingly, the Court agrees with Magistrate Judge Tinsley that Defendant has failed to meet her burden of demonstrating by clear and convincing evidence that she is not a danger to the community. *See* Fed. R. Crim. P. 32.1(a)(6).

For the aforementioned reasons, the Court **DENIES** Defendant's Motion for Revocation of Magistrate Judge Tinsley's Order of Detention and for Reconsideration of Bond (ECF No. 234), **ADOPTS** the magistrate judge's Detention Order (ECF No. 232), and **ORDERS** that Defendant continue to be detained pending the final revocation hearing.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 14, 2026

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE